```
DANIEL F. FURLONG #7109
P.O. Box 3550
Prescott, Arizona 86302
(928)778-6906 Phone
(928)778-6743 Fax
danfurlong@cableone.net
Attorney for Movants
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>PETER DAVID HUPPER,<br>    Debtor,<br><br>REVA'S FLOOR DECOR, INC.,<br>    Movant,<br><br>v.<br><br>PETER DAVID HUPPER, debtor,<br>and LOTHAR GOERNITZ,<br>trustee,<br>    Respondents. | Chapter 7<br><br>Case No.2:13-bk-00625-EPB<br><br>**MOVANT'S UNILATERAL PRETRIAL STATEMENT REGARDING MOTION TO LIFT THE AUTOMATIC STAY (Docket #18, 22 & 23)**<br><br>Hearing Date: 5/15/2013<br>Hearing Time: 1:30 p.m.<br>**Place: Courtroom 703,<br>Phoenix, AZ** |

    The Movant, Reva's Floor Decor, Inc., files this Unilateral Pretrial Statement regarding the Motion To Lift The Automatic Stay. Undersigned counsel had numerous telephone calls and emails with debtor's counsel in an attempt to prepare a Joint Pretrial Statement per the Court's standard order regarding Stay Relief Motions. However, debtor was unable or unwilling to make timely decisions regarding the filing of a Joint Pretrial Statement.

    The issue is whether the stay should be lifted to allow litigation to proceed in the Yavapai County Superior Court. The debtor temporarily removed the litigation to the Bankruptcy Court

as 2:13-ap-00217-EPB, but has recently stipulated that the litigation be remanded to the Yavapai County Superior Court. The litigation involves the debtor and other non-debtor parties and involves property that is not property of the bankruptcy estate. The trustee and other parties did not oppose the Motion To Lift Stay. Only the debtor opposed the Motion To Lift Stay. The court may rule based on the Motion To Lift Stay, the exhibits to the Motion To Lift Stay, the Objection, the Reply and any arguments of counsel. The specific relief requested in the Motion is repeated at the end of this Pretrial Statement.

Pursuant to paragraph 4 of the Court's standard Order, Movant states:

A. No evidentiary hearing is required.

B. No briefing schedule is required.

C. No factual matters are disputed regarding the motion.

D. The exhibits attached to the Motion at Docket #18 should be admitted into evidence to decide the Motion. The debtor did not dispute the accuracy of the exhibits. The exhibits are the following from the Yavapai County Superior Court:

Complaint.

Criminal Restitution Lien.

Lis Pendens.

Order For Provisional Remedy Without Notice.

Under Advisement Ruling of June 22, 2009.

Jury Verdict of December 7 2012.

E. No additional hearings after February 15, 2013 are needed.

2

Case 2:13-bk-00625-EPB    Doc 32    Filed 05/01/13    Entered 05/01/13 11:49:17    Desc
Main Document    Page 2 of 4

**RELIEF REQUESTED IN THE MOTION**

Movant requests the Court to enter an order as follows:

1. Lifting and vacating all stays and injunctions, including the automatic stay of 11 USC §362 to allow movant to proceed with the pending lawsuit in the three cases consolidated in the Yavapai County Superior Court as Cases PC1300CV20080194, PC1300CV201100433 and CV20081990 and to obtain a final judgement or judgments regarding all parties thereto.

2. Movant may take any and all action allowed by law to enforce Movant's rights regarding that real property described in the Lis Pendens recorded February 4, 2008 in the Office Of The Yavapai County Recorder in Book 4571, Page 881 and known as 220 South Washington Avenue, Prescott, Arizona for the reason that said real property is not property of the bankruptcy estate.

3. Movant may take any and all action allowed by law to enforce Movant's rights against the money held by the Clerk Of The Yavapai County Superior Court in the approximate amount of $104,000, resulting from the sale of vehicle and watercraft levied upon, for the reason that said money is not property of the bankruptcy estate.

4. Movant may take any and all action allowed by law to enforce Movant's rights against the property held in the interpleader action, Yavapai County Superior Court Case PC1300CV201100433.

5. However, except as set forth above, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case.

6. The order terminating the automatic stay shall remain effective in any bankruptcy chapter to which the Debtor may convert. The order terminating the automatic stay shall remain effective in the event Debtor seeks relief under the same chapter or another chapter of the Bankruptcy Code within 180 days after the order is granted.

7. That pursuant to Bankruptcy Rule 4001 (a)(3) the order is effective upon entry, and is not stayed until 14 days after its entry.

DATED this 1st day of May, 2013.

/s/ Daniel Furlong #7109
Daniel Furlong
Attorney for Movant

Copy mailed this 1st day
of May, 2013 to:

Thomas Allen
Allen, Sala & Bayne, PLC
Viad Corporate Center
1850 N. Central Ave., #150
Phoenix, AZ 85004

by BM