DANIEL F. FURLONG, #7109
100 E. Union Street
P.O. Box 3550
Prescott, Arizona 86302
(928)778-6906 Phone
(928)778-6743 Fax
danfurlong@cableone.net
Attorney for Movant

U. S. BANKRUPTCY COURT, DISTRICT OF ARIZONA, PHOENIX DIVISION

In re
Peter David Hupper,
    Debtor,
_____
Reva's Floor Decor, Inc.,
    Movant,
v.
Peter David Hupper, debtor,
and Lothar Goernitz,
trustee,
    Respondents,

Case No. 2:13-00625-EPB
Chapter7

**ORDER LIFTING AUTOMATIC STAY**

(Superior Court lawsuits, constructive trust, quiet title, etc.)

IT IS ORDERED:

    1. Lifting and vacating all stays and injunctions, including the automatic stay of 11 USC §362 to allow movant to proceed with the pending lawsuit in the three cases consolidated in the Yavapai County Superior Court as Cases PC1300CV20080194, PC1300CV201100433 and CV20081990 and to obtain a final judgement or judgments regarding all parties thereto.

    2. Movant may take any and all action allowed by law to enforce Movant's rights regarding that real property described in the Lis Pendens recorded February 4, 2008 in the Office Of The Yavapai County Recorder in Book 4571, Page 881 and known as 220 South

Washington Avenue, Prescott, Arizona for the reason that said real property is not property of the bankruptcy estate.

3. Movant may take any and all action allowed by law to enforce Movant's rights against the money held by the Clerk Of The Yavapai County Superior Court in the approximate amount of $104,000, resulting from the sale of vehicle and watercraft levied upon, for the reason that said money is not property of the bankruptcy estate.

4. Movant may take any and all action allowed by law to enforce Movant's rights against the money and property held in the interpleader action, Yavapai County Superior Court Case PC1300CV201100433 for the reason that said money and property is not property of the bankruptcy estate.

5. However, except as set forth above, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case.

6. The order terminating the automatic stay shall remain effective in any bankruptcy chapter to which the Debtor may convert. The order terminating the automatic stay shall remain effective in the event Debtor seeks relief under the same chapter or another chapter of the Bankruptcy Code within 180 days after the order is granted.

7. That pursuant to Bankruptcy Rule 4001 (a)(3) the order is effective upon entry, and is not stayed until 14 days after its entry.        Dated and signed by the Judge as shown above.

_____
U.S. Bankruptcy Judge

Copy mailed this 16 day
of May, 2013 to:

Lothar Goernitz
P.O. Box 32961
Phoenix, AZ 85064-2961

Michael P. Lane
Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004

Thomas Allen
Allen, Sala & Bayne, PLC
Viad Corporate Center
1850 N. Central Ave., #150
Phoenix, AZ 85004

Peter David Hupper
19826 N. Turquoise Hills Dr.
Sun City, AZ 85373

Rick K. Carter
Wong, Fugii Carter P.C.
3003 N. Central, Suite 1000
Phoenix, AZ 85012

Joanne Meluki #241251
ASPC Perryville, Santa Cruz Unit 24510
P.O. Box 3300
Goodyear, AZ 85395

Matthew Podracky
City of Prescott Legal Dept.
P.O. Box 2059
Prescott, AZ 86302-2059

Ann Morrison Tally
220 S. Washington Ave
Prescott, AZ 86303

By: /s/Benita McCombs

3